# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5015 | **DATE** | 7/25/01 |
| **CASE TITLE** | Margarito Castro v. James M. Schomig | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion for leave to amend petition for habeas corpus [7] is granted. Respondent's original motion to dismiss petition for writ of habeas corpus [10] was superceded by an amended motion. Respondent's amended motion to dismiss petitioner's petition for habeas corpus as untimely [14] is granted.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | **Document Number** |
| | No notices required. | 2 | |
| | Notices mailed by judge's staff. | | |
| ✓ | Notified counsel by telephone. | date docketed JUL 31 2001 | |
| ✓ | Docketing to mail notices. | FILED FOR DOCKETING  01 JUL 30 AM 11: 26 | docketing deputy initials | 21 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| courtroom deputy's initials RJ/ea | Date/time received in central Clerk's Office | date mailed notice JUL 31 2001  mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARGARITO CASTRO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 00 C 5015 |
| | ) | |
| JAMES M. SCHOMIG, | ) | Judge Joan B. Gottschall |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Following a jury trial in the Circuit Court of Cook County, petitioner Margarito Castro was convicted of first degree murder and sentenced to an extended term of 80 years' imprisonment on October 3, 1994. Castro appealed his conviction and sentence to the Illinois Appellate Court, First District. The Appellate Court affirmed the conviction and sentence on March 29, 1996. Castro filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on December 4, 1996. Castro then filed a state post-conviction petition on August 15, 1997, which was denied on October 15, 1997. Castro appealed, and on June 10, 1999, the Appellate Court affirmed the dismissal based on the State Appellate Defender's motion to withdraw as counsel on appeal pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). In Castro's federal habeas corpus petition, he claims to have appealed the Appellate Court's decision to the Illinois Supreme Court. Castro, however, does not provide documentation to support his claim, and the respondent has been unable to verify any filing in the Illinois Supreme Court. In Castro's most recent letter to the court, he acknowledges that the individual helping him with his case filed the petition for federal habeas corpus without first seeking leave to appeal

to the Illinois Supreme Court. Castro's federal habeas petition was filed on August 14, 2000, and raises four claims: 1) ineffective assistance of pre-trial counsel; 2) police and prosecutorial misconduct; 3) ineffective assistance of trial counsel; and 4) ineffective assistance of appellate counsel. Then, on September 1, 2000, Castro filed a motion for leave to amend his petition to include a claim based on the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

On October 25, 2000, the respondent filed a motion to dismiss the petition as time-barred under the one year limitations period set forth in 28 U.S.C. § 2244(d). Castro has not filed an answer to the motion to dismiss. After a warning from the court, Castro sent a letter to the court (without a certificate of service indicating that a copy had been sent to the respondent) indicating that he has been unable to answer because the person assisting him with his legal filings has been unavailable to help him. On May 25, 2001, this court entered a minute order indicating that the respondent's motion had been taken under advisement, pursuant to the warning issued by the court.[1] For the reasons set forth below, the court grants Castro's leave to amend the petition, but dismisses the petition as time-barred.

---

[1] Castro's inability to obtain legal assistance is not sufficient to excuse his failure to respond to the motion to dismiss. Indigent federal habeas corpus petitioners are not constitutionally entitled to counsel. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). The decision to appoint counsel is left to the discretion of the trial judge. In making this decision, the court should consider the petitioner's competence to represent himself, whether the petitioner could not obtain justice without the aid of an appointed lawyer, whether the petition could have obtained a lawyer on his own, and whether the petitioner would have a reasonable chance of success if he had a lawyer. *See id.* In this case, the final factor is determinative. The dates on which Castro's direct case and state post-conviction cases became final are clear. Determining the applicable limitations period and calculating the tolled time periods are also straightforward tasks, with little or no room for argument. Appointing counsel would be futile in this case, because Castro would still have no reasonable chance of avoiding the clear time bar to his claims.

2

Federal Rule of Civil Procedure 15 permits parties to amend their pleadings once as a matter of course before any responsive pleading is filed. Fed. R. Civ. P. 15(a). The Federal Rules apply to habeas corpus proceedings to the extent that they are not inconsistent with the special rules governing habeas cases. *See* Habeas Rule 11. Thus, the court grants Castro's motion for leave to amend his petition.

The Antiterrorism and Effective Death Penalty Act of 1996 enacted a one year statute of limitations period for habeas corpus actions. 28 U.S.C. § 2244(d) provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For most claims, the limitations period will begin running on the date on which the judgment became final, under Section 2244(d)(1)(A). The Illinois Supreme Court denied

3

Castro's petition for leave to appeal in his direct case on December 4, 1996. Castro is entitled to count an additional 90 days for the time in which he could have filed a petition for writ of certiorari in the U.S. Supreme Court. Thus, his direct case became final on March 3, 1997. Under Section 2244(d)(2), the limitations period is tolled while an application for state post-conviction relief is pending. Castro filed his state post-conviction petition on August 15, 1997. After the Circuit Court denied relief to Castro and the Appellate Court affirmed, Castro filed a Petition for Rehearing. The Petition for Rehearing was denied on July 30, 1999. Castro is entitled to count an additional 21 days for the time in which he could have filed a petition for leave to appeal to the Illinois Supreme Court. Thus, the post-conviction proceedings became final on August 20, 1999. Hence, the limitations period was tolled from August 15, 1997 to August 20, 1999.

Castro filed his petition for federal habeas corpus on August 14, 2000, nearly one full year after his state post-conviction proceedings became final. In addition, the time between the date his direct case became final (March 3, 1997) and the date he filed for state post-conviction relief (August 15, 1997) is counted toward the limitations period. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).[2] That period consists of 165 days. When added to the time that passed after Castro's

---

[2] Petitioner could conceivably argue that this time should not be counted so long as his state post-conviction petition was timely. Although the Seventh Circuit has never squarely addressed this argument, it has implied that the time between the conclusion of the direct case and the filing of a state post-conviction petition does count toward the AEDPA limitations period. *See Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000). This conclusion derives from the language of § 2244(d), including the tolling provision. The statute makes clear that the clock (in most cases) begins to run at the conclusion of direct review. The tolling provision allows a petitioner to subtract only the time during which a *properly filed* application for state post-conviction relief *is pending*. Until petitioner filed his state post-conviction petition, there

state post-conviction review became final, the untolled time counting toward the limitations period is well over one year. Thus, Castro's claims are time-barred under section 2244(d), unless the limitations period started running later under the provisions of section 2244(d)(1)(B)-(D). Here, Castro does not argue, and the record does not suggest, that either the factual predicate was unknown or that state action prevented him from filing his application. Thus, provisions (B) and (D) are inapplicable. Provision (C), however, could potentially apply to Castro's *Apprendi* claim.

Provision (C) permits a petitioner to bring a claim based on a newly recognized constitutional right within one year of the date on which the right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The *Apprendi* decision itself did not state whether it was to be applied retroactively on collateral review. No Supreme Court case since *Apprendi* has applied it retroactively. Additionally, the Seventh Circuit has refused to apply *Apprendi* retroactively until the Supreme Court rules on the question. *See Hernandez v. United States*, 226 F.3d 839, 841 (7th Cir. 2000); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000). Thus, the constitutional right recognized in *Apprendi* has not been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Provision (C) is therefore inapplicable and the *Apprendi* claim, like Castro's other claims, is time-barred. Of

---

was no such properly filed application pending. The few circuit courts that have addressed this issue have concluded that the time between the conclusion of direct review and the filing of a state post-conviction petition should be counted. *See Harris*, 209 F.3d at 327-28; *Painter*, 247 F.3d at 1256 (even where state law provided a three year statute of limitations for filing state post-conviction petitions). Several lower courts have reached the same conclusion. *See, e.g., Bunnell v. Yukins*, No. 00 CV 73313-DT, 2001 WL 278259, at *2 (E.D. Mich. Feb. 14, 2001); *Cromwell v. Keane*, 33 F. Supp.2d 282, 285-86 (S.D.N.Y. 1999). The court's research discovered no case holding that the time period in question should not be counted toward the AEDPA limitations period.

5

course, at some future date the U.S. Supreme Court might announce that the *Apprendi* rule is to be applied retroactively. Hence, the dismissal of the *Apprendi* claim is without prejudice to a possible future petition asserting an *Apprendi* claim.

Finally, the court must consider whether the petition must be considered on its merits, despite the time bar, because of the "fundamental miscarriage of justice" exception. The Seventh Circuit has not addressed the question of whether the "fundamental miscarriage of justice" exception to procedural bars applies to claims that would otherwise be dismissed as time-barred under Section 2244(d). Other courts, however, have recognized that serious constitutional questions could be raised if courts failed to consider the exception. *See, e.g., Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000); *Triestman v. United States*, 124 F.3d 361, 378-79 (2d Cir. 1997); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); In re *Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997); *Rockwell v. Jones*, 2000 WL 973675, *4-5 (E.D. Mich. Jun. 30, 2000); *Neuendorf v. Graves*, 110 F.Supp.2d 1144, 1155-1158 (N.D. Iowa 2000).

Even assuming that the "fundamental miscarriage of justice" exception applies, however, Castro's petition does not raise allegations sufficient to trigger the exception. In order to demonstrate a fundamental miscarriage of justice, a petition must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). In 1995, the Supreme Court reiterated this standard, emphasizing that it is the petitioner's duty to show "that it is more likely than not that no reasonable juror would have convicted him" absent the constitutional violation. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496).

Here, Castro has not specifically asserted that refusal to consider his claims on their merits would result in a fundamental miscarriage of justice. In his petition, however, he makes some claims that could bear on whether he is actually innocent of the crime for which he was convicted. After reviewing the record, however, the court finds no support for any of Castro's assertions that he is actually innocent. In Ground Two, Castro argues that police and prosecutorial misconduct led to his conviction. Within this claim, Castro argues that the police and prosecutors should have known that the injuries suffered by the victim had been medically excluded as the cause of death. Castro, however, fails to point to evidence in the record or any new evidence that might support this allegation. In particular, Castro does not point to any medical testimony offered at trial, nor does he produce an affidavit or any other evidence supporting his contention. This bare assertion that the police and prosecutors knew of some medical evidence exculpating Castro is insufficient to meet Castro's burden of demonstrating that it is more likely than not that no reasonable juror would have convicted him absent a Constitutional violation. Within Ground Two, Castro also argues that police and prosecutors should have known that the testimony of Laura Penaflore, a prosecution witness, was "self-serving, false, a lie, showing reckless and deliberate disregard for the truth of the matters asserted." (Petition at 8). Again, however, Castro offers no evidence to suggest that Penaflore's testimony was indeed false, or that the police or prosecutors knew or should have known that it was false. The remainder of Castro's assertions do not bear on his actual innocence. Thus, even assuming that the "fundamental miscarriage of justice" exception applies to time-barred claims, the petitioner here has failed to make the showing necessary to invoke the exception.

7

Castro's petition for habeas corpus is dismissed without prejudice to a later petition raising an *Apprendi* claim, should the *Apprendi* rule be made retroactively applicable on collateral review.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: July 25, 2001